# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
## CASE NO._____

**MAVIS WARD**

**V.**

RECEIVED BY

JUN 10 2019

Thomas M. Gould, Clerk
U.S. District Court
W.D. OF TN, Jackson

**RONALD COLEMAN-WARD**
**FIRST BANK AKA "FB"**
**TROY BUTTREY (INDIVIDUAL)**
**JONATHAN BELL (INDIVIDUAL)**
**ROBERT NEWCOMB (INDIV**
**"JOHN DOE"**

## ORIGINAL COMPLAINT
## AND MOTION FOR PRELIMINARY INJUNCTION AGAINST
## FORECLOSURE UNTIL THIS MATTER HAS BEEN RESOLVED
## PURSUANT FRCP 65

Comes now the plaintiff, Mavis Ward, to complain of the the unlawful

actions of the defendants in the above styled caption:

### JURISDICTION

28 U.S. Code § 1331
28 U.S. Code § 1332

### BACKGROUND

The plaintiff owns approximately +/- 55 acres in Cottage Grove, Tennessee with her

son, co-defendant Ronald Coleman-Ward. This is a parcel that was originally part of a 110 acres tract belonging to the patriarch of the family.

On May 14, 2014, plaintiff Mavis Ward, refinanced the family farm from First Bank in her name only for the amount $189,736.00 (see ex. 1). In addition, Mrs. Ward had another loan in her name only for $9,883.63 for cattle chutes and a bush hog (see ex. 2). In the meantime, defendant Ron Ward was running the day to day farm operation. The farming operation was used for raising cattle.

The farming operation quickly ran into financial trouble. Defendant, Ron Ward, had nearly 50 cows to die of his herd of approximately 150. The plaintiff had invested approximately $193,000 in the farming operations and did so in good faith. The plaintiff and defendant Ron Ward had an oral contract on repayment of the money invested by the plaintiff. Defendant Ron Ward has not lived up to his end of the bargain and now the time is come to litigate the dispute.

Upon belief, the plaintiff asserts that defendant First Bank, Robert Newcomb committed fraud on more than one occasion in order to gain an unfair advantage against the plaintiff's interest in the family farm.

## CAUSES OF ACTION

2

## TENNESSEE LAW OF IMPLIED  CONTRACT

1.  Defendant Ronald Coleman-Ward did violate the oral contract between the plaintiff and himself by failing to repay any of the monetary investment into the farm owned by Mavis Ward starting in May of 2014.

2.  Defendant Jeremy Cox breached the covenant of good faith and fair dealing by selling cattle to Ronald Ward and Blakemore Farms in which the plaintiff, Mavis Ward, was a partner. The plaintiff did in fact suffer damages both directly and Indirectly. Defendant Jeremy Cox paid some of the money back, but has failed to pay the balance.

3.  Defendant "John Doe" knowingly violated the covenant of good faith and fair dealing by conspiring with defendant Jeremy Cox cattle with a fatal disease that caused an injury to the plaintiff.

4.  Defendants Troy Buttrey, Robert Newcomb,  and Jonthan Bell breached the trust of the banking contracts in the name of Blakemore Farms and Blakemore Cattle in which the plaintiff had both direct and indirect interest as a third party beneficiary.

## BREACH OF CONTRACT T.C.A. §28-3-109 AND BREACH OF FIDUCIARY DUTY

5. The plaintiff restates and reallege 1-4.

3

6. Defendants First Bank and Troy Buttrey breached its fiduciary duty by applying all loans belonging to Ronald Coleman Ward in his individual capacity into a loan in which title to property was not conveyed or any interest thereof to the plaintiff. In particular, the 10 +/- acres joining the 55 +/- acres  subject to the causes of action in the instant suit.

7. Plaintiff was not aware of this conveyance of all the loans that were included into the modification until May of 2019. In addition, defendant First Bank and Troy Buttrey failed to have defendant Ronald Coleman Ward's signature notarized on the  modification. The plaintiff believes the signature of Ronald Coleman- Ward was added after the modification signature so that defendant First Bank could perfect the fraudulent modification. The 10 +/- acres is still listed in the name of Ronald Coleman-Ward.

**Tenn. Code Ann. § 47-18-110**

The Tennessee discovery rule does allow a plaintiff to delay the filing of a suit until they know the full extent of their damages. *Redwing*, 363 S.W.3d at 459.

8. The plaintiff restates and realleges 1-7

**THE CIVIL RIGHTS ACT OF 1991 - 42 U.S. Code § 1981**

9. The plaintiff restates and realleges 1-8.

10. The plaintiff is a Black Woman and a member of a protected class.

11. A contract exists between the plaintiff and First Bank as a loan modification between the plaintiff and defendant First Bank.

12. Defendants Troy Buttrey, Robert Newcomb and Jonthan Bell committed fraud to induce the plaintiff into signing a loan modification that they knew that the plaintiff had interest in and still does not to this day in order to perfect collateral security against co-defendant Ronald Coleman-Ward.

## EQUAL CREDIT OPPORTUNITY ACT-15 U.S.C. § 1691

13. The plaintiff restates and realleges 1-12.

14. The plaintiff is a Black Woman and a member of a protected class.

15. A contract exists between the plaintiff and First Bank as a loan modification between the plaintiff and defendant First Bank.

16. Defendants Troy Buttrey, Robert Newcomb and Jonthan Bell committed fraud to induce the plaintiff into signing a loan modification that they knew the plaintiff had interest in and still does not to this day in order to perfect collateral security against co-defendant Ronald Coleman-Ward.

## TENN. CODE ANN. §47-50-109- TORTIOUS INTERFERENCE WITH A CONTRACT

17. The plaintiff restates and realleges 1-16.

18. Defendants Troy Buttrey, Robert Newcomb and Jonthan Bell committed fraud

to induce the plaintiff into signing a loan modification that they knew that the plaintiff had interest in and still does not to this day in order to perfect collateral security against co-defendant Ronald Coleman-Ward. The acts of the defendants caused a loss to the plaintiff.

19. Defendants First Bank, Troy Buttrey, Robert Newcomb and Jonthan Bell were aware of the contract and farming relationship that existed between co-defendant Ronald Coleman- Ward and the plaintiff.

**ELEMENTS OF THE TORTIOUS  INTERFERENCE**

1.EXISTENCE OF A LEGAL CONTRACT

BETWEEN PLAINTIFF AND THIRD PARTY: The contract does not necessarily have to be in writing as most contracts in Tennessee can be verbal and still be enforceable.

2. KNOWLEDGE OF THAT CONTRACT BY THE DEFENDANT: Under Tennessee law, the plaintiff does not have to prove that the defendant had actual knowledge  of the specific terms of the contract which were breached. Where plaintiffs have proven merely that the defendant knew of the contract, Tennessee courts have found that the defendant had a duty to learn whether its actions would have  caused a breach of the terms of the contract. A Tennessee case discussing this  element is **Wells Fund I v. The Shoe Show of Rocky Mount, Inc**. (Tenn. Ct. App.1993).

6

3. and 4. THE DEFENDANT MUST HAVE INTENDED TO INDUCE THE BREACH  AND MUST HAVE ACTED "MALICIOUSLY." To prove knowledge and malicious  intent, all a plaintiff must prove is that the defendant intentionally acted to do  something for which there was no legal justification. What does that mean? As Tennessee case law bears out, all it means is that the defendant intentionally did an act that it knew would benefit it at the expense of the defendant. The term "malicious intent," at least as used in intentional interference cases, is archaic, confusing and unfortunate. Even lawyers can easily assume that, to prove malicious intent in an intentional interference case, a plaintiff must prove that the defendant engaged in the act to hurt the plaintiff and/or had ill will. The reality is that the malice element can easily be met by a plaintiff even if the defendant acted strictly for its own financial gain without giving one bit of conscious thought as to whether its act would hurt the plaintiff. See, Crye-Leike Realtors, Inc. v. WDM, Inc. (Tenn. Ct. App. 1998).

5. THE CONTRACT MUST BE BREACHED. **Lawyers who handle breach of contract cases and intentional interference cases** know that the causes of action for breach of contract and intentional interference go hand-in-hand. To prevail on a cause of action for intentional interference with contract in Tennessee, a plaintiff must prove that its contract with the third party was

breached. A party cannot be held liable for intentional interference with contract for breaching a contract to which it was a party. A claim for intentional interference  can be brought only against a person or entity who was not a party to the contract.

6. THE DEFENDANT'S ACT MUST BE THE PROXIMATE CAUSE OF THE BREACH. The plaintiff must prove, at the very least, that some act of the defendant caused or contributed to the third party's decision to breach the contract with the plaintiff. The act could be inducement, persuasion, misrepresentation or any other act, however characterized, that caused or contributed to the breach. In Tennessee, cases establish that a plaintiff can prove this element by proving that the defendant knew, or was on notice, that its entering into a contract with the third party would result in a breach by that third party of its contract with the plaintiff. On the other hand, a defendant which had no knowledge whatsoever of the contract between the third party and the plaintiff, and had no reason to know or expect such a contract existed, cannot be held liable for intentional interference with contract.

7. THE PLAINTIFF MUST HAVE SUFFERED DAMAGES AS THE RESULT OF THE BREACH.

**PRAYER OF RELIEF**

The plaintiff requests that the court orders the defendant to pay the sum of $850,000

Compensatory Damages
Treble Damages
Punitive Damages
Actual Damages
And any further relief the Court deems fit.

Respectfully Submitted,

Mavis Ward
2014 Harrison Street
Gary, In. 46407
219 883 7612

I certify that a true and correct copy was sent by process server or certified mail to:

First Bank aka FB
211 Commerce St #300,
Nashville, TN 37201


Troy Buttrey
821 Grant Street
Paris, Tennessee 38242

Ronald Coleman-Ward
6210 Highway 140 N
Cottage Grove, Tn. 38224

Jonthan Bell
37 Mountain Cv.
Paris, Tennessee 38242

Robert Newcom
745 County Home Rd
Paris TN 3824

9